**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DA & AR HOSPICE CARE. INC.<br><br>Debtor<br>_____<br><br>Mr. MICHAEL EUGENE REZNICK,<br><br>Appellant,<br><br>v.<br><br>UNITED STATES TRUSTEE, Los Angeles; YVETTE HARGROVE-BROWN; DA & AR HOSPICE CARE, INC.,<br><br>Appellees. | No. 23-3543<br><br>BAP No. 22-1128<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Farris, Lafferty, and Corbit, Bankruptcy Judges, Presiding

Submitted October 23, 2024[**]
Pasadena, California

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Pro se appellant Michael Reznick, an attorney, filed an unauthorized Chapter 11 bankruptcy petition on behalf of DA & AR Hospice Care, Inc., which he did not represent. He was sanctioned by the United States Bankruptcy Court for the Central District of California and referred to that District's three-judge disciplinary panel. The Bankruptcy Court found he committed fraud on the court and violated the Bankruptcy Rules, *see* Fed. R. Bankr. P. 9011, and the disciplinary panel suspended him from practicing in that Bankruptcy Court for three years. Reznick appealed the Bankruptcy Court's decision to our Bankruptcy Appellate Panel (BAP). The BAP affirmed. Reznick then appealed to us, and we, too, **AFFIRM**.[1]

The Bankruptcy Court's decision to refer Reznick to the disciplinary panel was not an abuse of discretion. The court identified the correct legal standard and applied it appropriately. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc), *as modified on denial of reh'g*, 611 F.3d 1098 (9th Cir. 2010). And the factual findings that the Bankruptcy Court relied on were not clearly erroneous. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010).

***First***, Reznick's April 2022 email alone shows that Reznick had no

---

[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 1334(a), the BAP had jurisdiction under 28 U.S.C. §§ 158(b), (c)(1), and we have jurisdiction under 28 U.S.C. § 158(d)(1).

objectively reasonable basis to believe that he could file for bankruptcy on behalf of the Hospice.  In that email, Reznick states that he filed the bankruptcy petition on "thin air" and "bullshit" that didn't "pass the smell test."  He suggests that he could not prove that the Hospice was related to an entity controlled by Dr. De La Llana, that he "never confirmed" Dr. Daniel Rose owned the Hospice, and that he had "nothing to disprove that Ailene Rivera [was] not in fact the legitimate owner" of the Hospice.  Reznick explains that he lacked any information corroborating his filing authority since at least October 2021.  And while he argues that Rivera cannot be the owner of the Hospice under California law because she is not a licensed physician, this argument is irrelevant.  As the BAP explained, even if Rivera could not own the Hospice, that does not mean that Reznick had an objectively reasonable basis to believe that he had the authority to file for bankruptcy on the Hospice's behalf.

There is also other evidence that Reznick lacked a reasonable basis to file the bankruptcy petition.  In the same April 2022 email, Reznick admitted that, when he filed the bankruptcy petition, he had no "documentation whatsoever that proves the legitimacy of . . . our team's management and control" of the Hospice.  Reznick further conceded to the Bankruptcy Court at the show cause hearing that he may have been "[e]gregiously negligent."  Thus, it was reasonable to conclude that Reznick violated Rule 9011 by filing a frivolous, unsupported, or improper

23-3543

bankruptcy petition. *See* Fed. R. Bankr. P. 9011(b).

**Second**, and for much the same reasons, the Bankruptcy Court's factual finding that Reznick's actions constituted fraud on the court was not clearly erroneous. *See In re JTS Corp.*, 617 F.3d at 1109. It was not illogical, implausible, or lacking record support for the Bankruptcy Court to conclude that Reznick never intended to reorganize the Hospice but instead intended to defraud the court, and we are convinced that the district court committed no clear error of judgment. *See Hinkson*, 585 F.3d at 1261–62; *Gov't of Guam v. Guerrero*, 11 F.4th 1052, 1055 (9th Cir. 2021).

Reznick wrote in the April 2022 email that he had "no documentation" to disprove the United States Trustee's allegations that he "fil[ed] a fraudulent bankruptcy petition." He also stated that he "[could not] fathom for the life of me" that such documentation would not exist, suggesting he knew that the filing was unauthorized and fraudulent. This conclusion is buttressed by Reznick's own characterization of the companies and bankruptcy filings with which he had been involved as "questionable." In that email, he repeatedly seeks cover in the form of "anything . . . that shows legitimacy," and suggests that he had repeatedly warned his clients that filing the bankruptcy petition on behalf of the Hospice could result in disciplinary action. "Under the circumstances," Reznick stated, the order to show cause stemming from the fraud allegations came "as no surprise." Taken

together, this evidence supports the Bankruptcy Court's finding that Reznick was not only negligent but knowingly misrepresented his relationship with the Hospice to defraud the court.

Additionally, the Bankruptcy Court's fraud conclusion is supported by Ms. Hargrove-Brown's supplemental declaration and the declarations of Hatty Yip (the United States Trustee), Ailene Rivera, Paul Laurel, and Rosalie Manuel. In her supplemental declaration, for example, Ms. Hargrove-Brown suggests that Reznick worked in concert with others as part of a larger scheme to manipulate her to file an illegitimate bankruptcy petition. This supplemental declaration reasonably shows that Reznick orchestrated a scheme to file an unauthorized bankruptcy petition as his clients attempted a hostile takeover of the Hospice, and the Bankruptcy Court's decision to give this declaration credence was reasonable.

At bottom, then, the Bankruptcy Court's factual findings were not clearly erroneous and its application of the law to those facts was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Hinkson*, 585 F.3d at 1262 (cleaned up). Nor did the Bankruptcy Court deny Reznick due process in the order to show cause proceedings. Thus, the Bankruptcy Court did not abuse its discretion by referring Reznick for discipline proceedings.

**AFFIRMED.**